HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

    Plaintiff,

v.

MATHESON FLIGHT EXTENDERS, INC.,

    Defendant.

CASE NO. C17-1925-RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. # 10. Defendant opposes the Motion. Dkt. # 12. For the reasons that follow, Plaintiff's Motion to Remand is **DENIED**. Dkt. # 10.

On November 28, 2017, Plaintiff, the State of Washington, filed this action in King County Superior Court against Defendant Matheson Flight Extenders, Inc. Dkt. # 1. Plaintiff's Complaint asserts claims against Defendant for disability and sex discrimination in violation of the Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code § 49.60.130(1)(a). Dkt. # 1-2. As an example of Defendant's allegedly

ORDER- 1

unlawful policies and practices, Plaintiff alleges that Defendant formerly employed a woman named Ambreada Richardson. *Id*. at ¶ 4.1. After Richardson discovered she was pregnant, her physician advised her to work light or modified duty. *Id*. at ¶ 4.3. When she informed her manager, she was informed that Defendant offered modified duty for injuries that "occur on the job but typically not for pregnancies." *Id*. at ¶ 4.5. Defendant then placed Richardson on an unpaid leave of absence and subsequently terminated her employment. *Id*. at ¶ 4.7. Plaintiff seeks declaratory and injunctive relief, as well as damages "for each person aggrieved" by Defendant's conduct. *Id*. at ¶¶ 6.1-6.6. On December 27, 2017, Defendant removed the matter to this District, asserting federal jurisdiction on the basis of diversity of citizenship of the parties. Dkt. # 1. Defendant filed an Amended Notice of Removal on January 12, 2018, again asserting that this Court had diversity jurisdiction over this case. Dkt. # 8. Plaintiff then filed this Motion to Remand. Dkt. # 10.

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendant asserts that this Court has jurisdiction over this matter on the basis of diversity of citizenship of the parties. The Court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332. "For the purposes of diversity jurisdiction,

'a State is not a citizen of itself.'" *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 291 n. 44, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)) ("*Lucent*"). Therefore, a state or a state agency cannot be a party to a diversity action. *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "[T]he mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy." *Lucent*, 642 F.3d at 737 (internal quotations and citations omitted). If a State has only "the general interest it holds on behalf of all its citizens and their welfare, it [does] not satisfy the 'real party to the controversy requirement for the purposes of defeating diversity' jurisdiction." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012) (quoting *Lucent*, 642 F.3d at 737). In making this determination, courts consider the substantive state law. *Lucent*, 642 F.3d at 738.

Defendant cites to the Ninth Circuit decision in *Lucent* to support its argument that Plaintiff is not a real party in interest in this case. In *Lucent*, the Ninth Circuit looked at the "nature and effect of the proceeding" as a whole to determine the real party in interest. *Lucent*, 642 F.3d at 740. Looking at the language of the relevant state statute and the relief sought, the Ninth Circuit found that the State of California's interest in enforcing its antidiscrimination laws constituted a "general interest" held on behalf of all of its citizens such that it would not satisfy the "real party to the controversy requirement", and that this conclusion was further supported by the fact that any relief beneficial to the State of California was merely "tangential" to the relief sought by the aggrieved employee. *Id.* at 738-740. The Court finds this reasoning to be persuasive when applied to this case.

While Plaintiff has a substantial state interest in protecting its citizens from discrimination on the basis of sex or a disability, this interest is the type deemed by the *Lucent* Court to be too "general" to support a finding that the State is a real party in

interest. This is further supported by a comparison of the relevant state statutes. In *Lucent*, the Ninth Circuit was persuaded by the language of the California Fair Employment and Housing Act, which states that its prohibition of discrimination in employment "shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state." Cal. Gov't Code § 12920. Similarly, the WLAD states that its prohibition of discrimination "is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights." RCW § 49.60.010. Defendant's argument is further supported by its request for relief. While Plaintiff seeks monetary damages on behalf of all potential employees "aggrieved" by Defendant's alleged unlawful conduct, it brings this suit on behalf of one employee in particular. Further, like the claim in *Lucent*, any remaining declaratory and injunctive relief requested by Plaintiff is "tangential" to the relief sought for Richardson's personal benefit.

The Court finds that Richardson, not Plaintiff, is the real party in interest in this case. As Richardson is a citizen of Alabama, and neither party alleges that Defendant is also a citizen of Alabama, Plaintiff's Motion to Remand is **DENIED.** Dkt. # 10.

Dated this 31st day of May, 2018.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 4