UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATHESON FLIGHT EXTENDERS, INC.,<br><br>　　　　　　Defendant. | CASE NO. C17-1925-JCC<br><br>ORDER |

This matter comes before the Court on the parties' joint motion to compel (Dkt. No. 25) and Plaintiff's motion to amend the pretrial deadlines (Dkt. No. 32). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

## I. BACKGROUND

Defendant Matheson Flight Extenders provides terminal and ground handling operations for air cargo carriers. (Dkt. No. 25 at 15.) After learning of Defendant's alleged disability and sex discrimination against Ambreada Richardson, a pregnant employee, Plaintiff State of Washington investigated Defendant. (Dkt. Nos. 1-2, 28 at 1.) Due to its investigation, Plaintiff alleges that Defendant engages in discriminatory practices because: (1) it fails to provide reasonable accommodations for its employees with injuries or disabling conditions that do not result from a workplace injury; and (2) fails to engage in the interactive process when

determining if Defendant can reasonably accommodate employees with disabilities resulting from a workplace injury. (*Id.* at 2–3.) One example of this practice is how Defendant treated Ms. Richardson. (*Id.* at 3–4.) After Ms. Richardson discovered that she was pregnant, her physician advised her to work light or modified duty. (*Id.* at 4.) When Ms. Richardson informed her manager of this work restriction, her manager told her that Defendant offered modified duty for injuries that "occur on the job but typically not for pregnancies." (*Id.*) Defendant then placed Ms. Richardson on an unpaid leave of absence and subsequently terminated her employment. (*Id.*) After investigating, Plaintiff filed suit alleging violations of the Washington Law Against Discrimination (WLAD), Wash. Rev. Code §§ 49.60.030(1)(a), 49.60.180.

Thereafter, the parties began discovery, during which Plaintiff propounded a set of interrogatories and requests for production. Interrogatory 10 stated:

> Identify the names, job titles, addresses, telephone numbers, and email contact information of all of Defendant's employees in the State of Washington who, during the relevant time period, have been provided with an accommodation for an injury or disability, including but not limited to the provision of light duty or application of weight-lifting restrictions.

(Dkt. No. 27 at 41.) Similarly, Request for Production 6 stated:

> For all individuals identified in Your response to Interrogatory No. 10, produce all documents relied upon in responding to the Interrogatory or otherwise related to the provision of a reasonable accommodation to each employee, including but not limited to all records considered by You in determining to grant an accommodation, all documents related to any interactive process engaged in in determining if an accommodation would be provided to the employee, all records reflecting the period of time for which the employee was accommodated, and all payroll and time records for each employee during the period of accommodation.

(*Id.* at 49.)

Ultimately, Defendant responded to Interrogatory 10 with 35 names of other employees and their contact information. (*Id.* at 42–47.) However, Defendant only provided a partial response to Request for Production 6—Defendant contended that it only would provide the documents that it relied upon in answering Interrogatory 10. (*Id.* at 49–50.) Interrogatory 10 is not at issue in this order; Plaintiff only moves the Court for a full response to Request for

Production 6. (*See generally id.*)

**II.     DISCUSSION**

    **A.     Motion to Compel Response to Request for Production 6**

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In addressing the proportionality of discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

If a requested disclosure is not made, the requesting party may move for an order compelling such disclosure. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Comput. Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). This burden is a heavy one in employment discrimination lawsuits, where discovery rules are construed liberally so as to provide the plaintiff with "broad access to the employers' records." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 643 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074.

Plaintiff seeks a full response to Request for Production 6, asserting that those documents are relevant for two reasons: (1) because the evidence produced will likely help establish that Defendant engaged in a pattern and practice of discrimination against employees with disabilities that occurred outside of the workplace; and (2) because the evidence produced will likely be useful comparator evidence of how Defendant treated employees with disabilities that occurred

at the workplace. (*See* Dkt. No. 25 at 5–14.) Defendant objects to the production of any more documents in response to Request for Production 6, as the request violates non-party employees' privacy interests because it seeks documents that contain private and confidential medical information about non-party employees.[1] (*See id.* at 15–24.)

### 1. Comparator Evidence

Evidence that demonstrates that employees outside a protected group are treated more favorably than those within is relevant. *See Huge v. Boeing Co.*, Case. No. C14-0857-RSM, Dkt. No. 52 at 4–7 (W.D. Wash. 2015). Plaintiff seeks documents related to Defendant's employees who sought an accommodation and were granted one. (*See* Dkt. No. 27 at 41–49.) If the response shows that the employees who received a legally cognizable accommodation were employees who had workplace-related injuries or disabilities, this could be relevant comparator evidence. Therefore, the information Request for Production 6 seeks is relevant comparator evidence.

### 2. Pattern and Practice Evidence

In employment discrimination suits, in which the inner mental motivations behind allegedly discriminatory acts are nearly impossible to prove, pattern and practice evidence is both discoverable and admissible to prove discriminatory intent. *See, e.g.*, *Heyne v. Caruso*, 69 F.3d 1475, 1479–81 (9th Cir. 1995). To the extent that pattern and practice evidence can be gleaned from a company's personnel files, this Court has held that the personnel files of non-parties are discoverable. *See Lauer v. Longevity Med. Clinic PLLC*, Case No. C13-0860-JCC, Dkt. No. 52 (W.D. Wash. 2014). Plaintiff seeks documents related to Defendant's employees with disabilities, some of which may be work-related and some of which may not be. Either way, all of that information is relevant to establishing a pattern and practice of discrimination against employees with non-work-related disabilities because it may show either that (1) Defendant

---

[1] Defendant also objects on the ground that responding to the request would be time-consuming and expensive. (Dkt. No. 25 at 24.) This objection is without merit. Plaintiff is seeking limited documents related to the disabilities or injuries of only 35 employees. (*See* Dkt. No. 27 at 41–49.)

consistently provides accommodations for employees with work-related disabilities (which is relevant comparator evidence, as described above) or (2) Defendant engages in a pattern and practice of failing to provide accommodations for employees with non-work-related disabilities. The documents Plaintiff seeks in Request for Production 6 are relevant to Plaintiff's pattern and practice theory.

### 3. Privacy Concerns

Defendant objects to Request for Production 6 because it burdens the privacy interests of non-party employees in their private and confidential medical records. (Dkt. No. 25 at 20–23.) The Court is cognizant of Defendant's concerns about non-party employees' privacy interests, but because the underlying litigation is a disability discrimination lawsuit, evidence of other employees' disability accommodations is extremely relevant and important. Additionally, there is already a protective order in this case. (Dkt. No. 20.) Any information produced in response to Request for Production 6 may not be disseminated. (*See id.* at 2–3.) When and if the sensitive information is filed with the Court, documents containing confidential information will either have all personal information redacted or it will be filed under seal. (*See id.* at 4.) Thus, the Court finds that the relevance of the documents sought in Request for Production 6 outweighs any privacy concerns.

Therefore, the Court GRANTS Plaintiff's motion to compel. To the extent the documentation exists and consistent with the parties' protective order, Defendant is ORDERED to produce all of the documentation that it did for Ms. Richardson for the 35 employees identified in Interrogatory 10, within 21 days of the date of this order.

**B. Request for Costs**

Plaintiff asks the Court to award its reasonable expenses in bringing the present motion to compel. (Dkt. No. 25 at 14.) While it is true that the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in bringing the motion, the Court must not order payment if the opposing party's objection was substantially justified.

*See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds that Defendant's objection was substantially justified. The subject matter at issue is very private—it relates to Defendant's non-party employees' medical records and histories. Defendant was substantially justified in arguing that the documentation need not be produced, when Interrogatory 10 was fully answered. Therefore, the Court DENIES Plaintiff's request for an award of costs.

### C. Motion to Amend Pretrial Deadlines

Finally, Plaintiff asks the Court to amend the parties' pretrial deadlines. (Dkt. No. 32.) Finding good cause, the motion is GRANTED. *See* Fed. R. Civ. P. 6(b)(1)(B). In accordance with this Court's pretrial deadlines' procedure, the discovery cutoff deadline is EXTENDED to July 8, 2019 and the dispositive motions deadline is EXTENDED to August 6, 2019. The proposed pretrial order is due by October 25, 2019. Trial briefs, proposed voir dire, and jury instructions are due by October 31, 2019.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 25) and motion to amend the pretrial deadlines (Dkt. No. 32) are GRANTED. The parties are ORDERED to meet and confer about any future discovery disputes prior to bringing further discovery motions.

DATED this 2nd day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE