THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

                    Plaintiff,

        v.

MATHESON FLIGHT EXTENDERS, INC.,

                    Defendant.

CASE NO. C17-1925-JCC

AGREED ORDER

This matter comes before the Court on the parties' stipulated motion requesting that the Court dismiss the action and enter the order below (Dkt. No. 100). Having thoroughly considered the parties' briefing and the relevant record and finding the parties' proposed terms to be proper, the Court hereby GRANTS the motion pursuant to Federal Rule of Civil Procedure 41(a)(2).

## I.      INTRODUCTION

1.1      On November 28, 2017, the State of Washington (State), through its attorneys Mitchell A. Riese and Chalia Stallings-Ala'ilima, Assistant Attorneys General, filed this action against Defendant Matheson Flight Extenders, Inc. (Matheson or Defendant) to enforce the Washington Law Against Discrimination (WLAD), Wash. Rev. Code §§ 49.60.030 and 49.60.180 (hereinafter referred to as "the Lawsuit").

1.2      Matheson provides terminal and ground handling services for charter, regional, national, and international air cargo carriers. Matheson is an employer in Washington State.

1.3     The parties wish to avoid the expense, delay, and uncertainties of further litigation, and have therefore agreed to settle the Lawsuit. The parties agree, and it is expressly understood, that this Agreed Order ("Agreed Order") does not constitute evidence or an admission regarding the existence or non-existence of any issue, fact, or violation of any law alleged by the State. Further, the parties agree that this Agreed Order does not constitute a waiver or collaterally estop any argument of law or fact in any subsequent proceeding that is unrelated to this Agreed Order.

1.4     The State of Washington initiated an investigation of Matheson's compliance with the WLAD after receiving a pregnancy discrimination complaint from a terminated employee. Based on its investigation, the State determined that Matheson engaged in disability and sex discrimination by:

1.4.1   Failing to reasonably accommodate employees whose disabilities were not the result of workplace injuries; and

1.4.2   Terminating or imposing different terms and conditions of employment because of the employee's pregnancy.

1.5     Matheson unequivocally disputes the State's determination and maintains that it does not discriminate based on pregnancy and provides its employees reasonable accommodations in accordance with federal, state and local laws.

## II.     AGREEMENT REGARDING THE DUTY TO ACCOMMODATE

2.1     The State deems the following to constitute unfair practices with respect to employment in violation of the WLAD:

2.1.1   Failing to reasonably accommodate employees with disabilities such as offering available light duty, when such reasonable accommodations are available without undue hardship to the employer;

2.1.2   Terminating or imposing different terms and conditions of employment on employees because of their pregnancy status;

2.1.3   Offering light duty job assignments to employees injured on-the-job and not providing the same light duty opportunities or accommodations to pregnant employees or employees whose disability is not the result of a workplace injury;

2.1.4   Placing employees with disabilities on unpaid leave when reasonable accommodations such as light duty or modified work assignments can be made available without undue hardship to the employer;

2.1.5   Applying a prohibition or making statements or suggestions to employees that light duty is categorically unavailable for pregnancies or non-work related injuries; and

2.1.6   Aiding, abetting, encouraging, or inciting the commission of an unfair or discriminatory practice.

2.2   Matheson maintains it has not engaged in any of the practices described in paragraph 2.1, and agrees not to engage in any of the practices described in paragraph 2.1 in the future. Matheson further agrees to comply with all provisions of the Healthy Starts Act, Wash. Rev. Code § 43.10.005.

## III.   NON-DISCRIMINATION POLICY AND NOTICE TO THE PUBLIC

3.1   Matheson maintains that its general policy prohibits discrimination, harassment and retaliation in the workplace, including discrimination and harassment against employees based on pregnancy.  Matheson also maintains that its general policy provides reasonable accommodations to employees with disabilities. Upon entry of this Agreed Order, Matheson will prepare and implement a policy that is specific to Washington employees that is consistent with **Exhibit A** ("Matheson Washington Policy").

3.2   Within ten (10) days of entry of this Agreed Order, Matheson shall distribute a copy of its Matheson Washington Policy to each of its employees located in the State of Washington and all others in any management or human resources role for Washington employees. Matheson shall

secure a signed acknowledgment from such employees acknowledging that they have received and read the Matheson Washington Policy and have had the opportunity to have questions about the policy answered. This acknowledgment shall be in the form of **Exhibit B** attached hereto. For a period of three (3) years after entry of this Order, Matheson will ensure any new employee of Matheson in the State of Washington, or serving in any management or human resources position with responsibility for any employee in the State of Washington, shall be given a copy of the Matheson Washington Policy within ten (10) days of their start date.

3.3     Within ten (10) days of entry of this Agreed Order, and through its term, Matheson shall take the following steps to notify current and future employees of the Matheson Washington Policy:

3.3.1   Include a copy of the Nondiscrimination Matheson Washington Policy in its intranet site for employment policies; and

3.3.2   Prominently post a copy of the Matheson Washington Policy at each of Matheson's work locations in Washington State.

## IV.     TRAINING

4.1     To confirm its commitment to equal employment opportunities for its employees, within one hundred twenty (120) days following the entry of this Agreed Order, Matheson will provide mandatory in-person training or online video conference training to all management and human resources employees in the State of Washington and all management and human resources employees over any employee in the State of Washington on federal, state and local laws of equal employment opportunity. At minimum, the training will consist of instruction on the requirements of applicable federal, state and local antidiscrimination laws in the employment context with an emphasis on sex and disability discrimination, and will include an opportunity for questions and answers. Matheson will have an independent, qualified third party, approved in advance by the Office of the Attorney General, which approval will not be unreasonably withheld, conduct the training.

4.2     Matheson will obtain certifications of attendance executed by each employee who receives the training referenced in Paragraph 4.1. Within thirty (30) days following the training, Matheson will submit confirmation of training and copies of the training certifications to the Office of the Attorney General. The confirmation shall include the name of the instructor, the date Matheson provided the course, the length of the course, and shall include a copy of any materials distributed by the trainer. The certification shall be in the form of **Exhibit C**.

## V.     DOCUMENT RETENTION REQUIREMENTS

5.1     For a period of three (3) years following the entry of this Agreed Order, Matheson shall preserve all records related to its obligations under this Agreed Order, including all documents, whether in paper or electronic form, that relate to employment discrimination complaints from any employees in the State of Washington regarding Matheson and all acknowledgment of receipt forms (Exhibit B).   Upon reasonable notice to Matheson, representatives of the Office of the Attorney General will be permitted to inspect and copy all such records, provided that the inspection and copying shall avoid unreasonable disruption of Matheson's business activities.

5.2     For a period of three (3) years following the entry of this Agreed Order, Matheson will notify the Office of the Attorney General within ten (10) days of any modifications to Matheson's Washington Policy.

## VI.     MONETARY RELIEF AND DISMISSAL

6.1     Matheson shall transfer $168,500 in settlement funds ("Settlement Funds") to the Office of the Attorney General. The parties agree that the Settlement Funds reflect a compromise of the parties to resolve this case in lieu of both parties incurring additional fees and costs in the Lawsuit. The State will use these settlement funds to provide monetary damages to compensate persons allegedly aggrieved by Matheson's alleged conduct, for recovery of fees and costs incurred by counsel for the State, or for any lawful purpose in the discharge of the Attorney General's duties or as required by the interests of justice. The payment of the Settlement Funds is

not an admission by Matheson of any wrongdoing. In accepting the settlement funds, the State agrees to release any and all claims asserted, or that could have been asserted, in the Lawsuit. Matheson has no obligation to pay the State anything more than the settlement funds to resolve the Lawsuit.

6.2    Within thirty (30) days of entry of this Agreed Order, Matheson shall deliver the above payment to the Office of the Attorney General, Civil Rights Division, 800 Fifth Avenue, Suite 2000, Seattle WA 98104. Payment shall be made by a valid check made payable to the "Attorney General – State of Washington."

6.3    In exchange for Matheson paying the settlement fund, and Matheson's other commitments as reflected in this Order, the State agrees to the dismissal of the Lawsuit.

## VII.    ENFORCEMENT

7.1     Upon entry of this Order, the Court will administratively close the case. The Court, however, shall retain jurisdiction to enforce the terms of the Agreed Order.

7.2    The parties may extend any time limits for performance imposed by this Agreed Order by mutual written agreement of the parties. The parties may also modify the other provisions of this Agreed Order through written agreement of the parties. If the modification is by written agreement of the parties, such modification will be effective upon filing of the written agreement with the Court.

7.3    Either party may move the Court to modify or enforce the Agreed Order in the event of noncompliance or if the moving party believes the interests of justice so require.

## VIII.    ADDITIONAL PROVISIONS

8.1    Nothing in this Agreed Order shall be construed to limit or bar any other person or governmental entity from pursuing other available remedies against Matheson or the State.

8.2    This Agreed Order shall be binding upon both parties, and shall apply and inure to the benefit of Matheson's successors, assigns, transferees, officers, agents, servants, employees, representatives, and all other persons in active concert or participation with the Matheson's

business operations, and Matheson shall so inform them of the terms and conditions of this Agreed Order without delay. For a period of three (3) years following the entry of this Agreed Order, Matheson and its successors and assigns, if any, will notify the Office of the Attorney General at least thirty (30) days prior to any change in control that would change the identity of the corporate entity or individual(s) responsible for compliance obligations arising under this Agreed Order, including but not limited to dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation or other business entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this order.

8.3    The parties agree that, as of the date of the entry of this Agreed Order, litigation is not reasonably foreseeable concerning the matters above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described above, the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligation imposed by this Agreed Order.

8.4    All communications related to this Agreed Order shall be directed to: Wing Luke Civil Rights Division, Office of the Washington State Attorney General, 800 Fifth Avenue, Suite 2000, Seattle, WA 98014, or Shirley Curran, Chief Human Resource Officer for Matheson, (916) 504-4778, 9785 Goethe Road, Sacramento, CA 95827.

It is hereby ORDERED, that this Agreed Order is APPROVED and ENTERED by the COURT, and this case shall be DISMISSED. Except for payment of the Settlement Funds set forth in Section 6.1 above, each party is to bear its own attorneys' fees and costs.

DATED this 31st day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## NONDISCRIMINATION POLICY

It is the policy of Matheson Flight Extenders, Inc. to comply with the Washington Law Against Discrimination by ensuring that employment opportunities are available to all persons without regard to sex or disability. This policy means that, among other things, Matheson will not engage in discrimination on the basis of sex, including pregnancy, or disability. Specifically, Matheson Flight Extenders, Inc. prohibits:

1.  Discrimination in any form against employees on the basis of pregnancy;

2.  Failing to reasonably accommodate employees with disabilities, including failing to offer available light duty, including, if necessary, through a third-party vendor;

3.  Offering light duty job assignments to employees injured on-the-job and not provide the same light duty opportunities or accommodations to pregnant employees or employees whose disability is not the result of a workplace injury;

4.  Placing employees with disabilities on unpaid leave when accommodations such as light duty or modified work assignments can be made available without undue hardship to Matheson;

5.  Applying a prohibition or making statements or suggestions to employees that light duty is categorically unavailable for pregnancies or non-work-related injuries; and

6.  Aiding, abetting, encouraging, or inciting the commission of any act prohibited by Matheson's policies above.

Any employee of Matheson who fails to comply with this policy will be subject to appropriate disciplinary action, up to and including termination.

Any employee or prospective employee who believes that any employee of Matheson has violated this policy, must notify Matheson human resources immediately. Washington employees or prospective employees who have concerns about conduct that may violate this policy, may also contact the Office of the Washington State Attorney General, Civil Rights Division. The Civil Rights Division may be reached at:

Office of the Washington State Attorney General
Civil Rights Division
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
(844) 323-3864
civilrights@atg.wa.gov

AGREED ORDER
C17-1925-JCC
PAGE - 8

1

## **EXHIBIT B**

2

### **EMPLOYEE ACKNOWLEDGMENT**

3          I acknowledge that on _____ (date), I was provided a copy of

4   Matheson' non-discrimination policy for Washington employees. I have read and understand the

5   policy and have had my questions, if any, about the policy answered. I understand my

6   responsibilities under the policy as a Matheson employee and will comply with them.

7

8

9   _____
    Signature

10

11  _____
    Print Name

12

13  _____
    Job Title

14

15

16  _____
    Home Address

17

18  _____
    Home Address Continued

19

20  _____
    Home Telephone Number

21

22

23  _____
    Date

24

25

26

AGREED ORDER
C17-1925-JCC
PAGE - 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **EXHIBIT C**

### **EMPLOYEE TRAINING ACKNOWLEDGMENT**

     I acknowledge that on _____, 20____, I received _____ minutes of live employment discrimination training by _____.

 

 

_____
Signature

_____
Print Name

_____
Job Title/Position

_____
Date